IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPHINE C. PARSONS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | (Dallas County District Court |
| CAPITAL ONE, | § | Cause No. 08-11664) |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(a)

Pursuant to 28 U.S.C. §§ 1441 and 1446, Capital One Bank (USA), N.A. ("Capital One"), hereby removes this action to the United States District Court for the Northern District of Texas, which is the federal judicial district in which this action is currently pending.

As grounds for removal, Capital One states as follows:

1. On September 4, 2008, Plaintiff Josephine Cobo Parsons commenced a civil action in the 191st District Court of Dallas County, Texas, styled *Josephine Cobo Parsons v. Capital One*, Cause No. 08-11664 (the "Complaint"). Capital One was served through the Texas Secretary of State's office on September 19, 2008.

2. According to her Complaint, Ms. Parsons filed bankruptcy in about 2005 and she received a discharge on April 16, 2007. Compl. ¶ 8. One of her discharged obligations was a credit card debt to Capital One. *See id.* ¶¶ 20-27. Ms. Parsons contends that since her debt was discharged, Capital One has continued to try and collect it in violation of the Bankruptcy Code's discharge injunction in 11 U.S.C. § 524. Those attempts, she theorizes, violate the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and entitle her (allegedly) to damages thereunder. *Id.* ¶¶ 76-82.

3.  Ms. Parsons' FCRA claim is a federal question over which this Court has original jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 15 U.S.C. § 1681p ("An action to enforce any liability under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy . . ."). As such, this case is removable under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."

4.  In addition to her federal FCRA cause of action, Ms. Parsons' other claims appear to hinge almost entirely on whether Capital One violated the discharge injunction in § 524 of the Bankruptcy Code. For example, in paragraph 16 of the Complaint, Ms. Parsons argues that "[d]espite the change in the legal status of the account, Capital One has continued to report, by written communication, to Experian and Trans Union, . . . that Plaintiff remains personally liable for [sic] current balance of approximately $5,498." And in paragraph 21, she claims that "Capital One has intentionally and maliciously refused to report the true balance to the [Credit Reporting Agencies] when Capital One knew that the debt was discharged in bankruptcy and that it could no longer attempt to collect the debt." Based on those activities, Ms. Parsons contends that Capital One: (a) violated the Texas Finance Code, *id.* ¶ 60; (b) defamed her (by reporting false information), *id.* ¶ 66; and (c) is liable under the common law tort of unreasonable collection, *id.* ¶ 75. In addition, she is seeking a declaratory judgment that Capital One's actions violate the Bankruptcy Code's discharge injunction. *Id.* ¶¶ 72-74.

5.  The United States Supreme Court recently addressed federal question subject matter jurisdiction when an alleged state law issue turns on a determination of federal law. In *Grable & Sons Metal Production, Inc. v. Darue Engineering and Manufacturing*, 545 U.S. 308, 312 (2005), the Court recognized a

> longstanding, if less frequently encountered, variety of federal "arising under" jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues. The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.

The doctrine the Supreme Court recognized in *Grable & Sons* applies in this case. Article I, Section 8 of the United States Constitution, for example, provides that Congress shall have the power to establish "uniform Laws on the subject of Bankruptcies throughout the United States . . . ." Exercising that prerogative, Congress has created a detailed statutory scheme that includes remedies designed to preclude misuse of the bankruptcy process, including the discharge injunction. More importantly, courts have recognized the need to uniformly interpret the Bankruptcy Code. *E.g., In re Johnston*, 362 B.R. 730, 739 (Bankr. N.D. W.Va. 2007) (noting that Congress "has the exclusive right under the Constitution to establish uniform bankruptcy laws, and precluding various, non-uniform State law causes of action based on the alleged wrong furthers the Congressional purpose of uniformity, and recognizes Congressional exclusivity in the field of bankruptcies.").

6.  In sum, this case is removable because Ms. Parsons has sued Capital One for allegedly violating the FCRA and because her claims implicate a significant federal issue; that is, whether Capital One's actions violate the discharge injunction in 11 U.S.C. § 524.

7. As Capital One was served on September 19, 2008, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

8. All of the required information and state court papers are attached hereto.

Respectfully submitted,

**HUNTON & WILLIAMS LLP**

By: /s/ Miles B. Haberer
    Miles B. Haberer
    State Bar No. 00793872
    Jarrett L. Hale
    State Bar No. 24046005

Fountain Place
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
(214) 979-3000
(214) 880-0011 (fax)

**ATTORNEYS FOR DEFENDANT
CAPITAL ONE BANK (USA), N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2008, a true and correct copy of the foregoing document was served on the following counsel of record via certified mail, return receipt requested:

William L. Manchee
James J. Manchee
12221 Merit Drive, Suite 950
Dallas, Texas 75251

/s/ Miles B. Haberer