**TAB C**

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSEPHINE COBO PARSONS** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff** | § | |
| | § | J-191st JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| **CAPITAL ONE** | § | |
| **Defendant** | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Josephine Cobo Parsons ("Ms. Parsons" or "Plaintiff"), and complains of Capital One, the Defendant, and respectfully shows the following:

### I. INTRODUCTION

1. This an action for actual damages, punitive damages, injunctive and declaratory relief, and legal fees and expenses filed by the Plaintiff for the Defendant's violation of the Texas Finance Code, for defamation, pursuant to the Tex. Civ. Prac. Rem. Code §73.001 and for actual and statutory damages for the willful, knowing, and/or negligent violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. §1681 et seq., (known as the "*Fair Credit Reporting Act*", hereafter the "*FCRA*") which relates to the dissemination of consumer credit and other financial information

### II. PARTIES

2. The Plaintiff is a natural person residing in Dallas County, Texas and he is a "consumer" as defined by Tex. Finance Code §392.001(1) and the FCRA.

3. The Defendant is a foreign banking institution which may be served by serving its President Herb Boydstun, 313 Carondelet St., New Orleans, LA 70130-3109.

Plaintiff's Original Petition - Page 1

4. After a reasonable opportunity for further investigation and discovery Ms. Parsons says that she will have evidentiary support to show that Defendant is a furnisher of consumer credit information to Equifax, Inc., Experian Information Systems, Inc., and TransUnion.

## III. JURISDICTION AND VENUE

5. The Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

6. Venue is mandatory in Dallas County, under Texas Civil Practice & Remedies Code Section 15.017 because the suit involves libel and this is the county where Plaintiff resided when this claim accrued.

## IV. DISCOVERY PLAN

7. Pursuant to Texas Rule of Civil Procedure 190.4, Plaintiff asserts that this suit should be designated level 2 for the purposes of a discovery control plan.

## V. FACTUAL ALLEGATIONS

8. Plaintiff filed bankruptcy and was discharged on April 16, 2007 with the Defendant receiving a copy of the discharge order.  The case number was 05-81953 and it was filed in the Northern District of Texas  Bankruptcy Court.

9. The Defendant asserted a pre-petition claim against Ms. Parsons in an attempt to collect a consumer debt allegedly owed by Plaintiff.  The debt required Ms. Parsons to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes.  The claim was listed on Schedule "F", as a general unsecured claim.

10. On October 3, 2005, Ms. Parsons filed a mailing matrix with the Bankruptcy Court that provided the Defendant's correct address.

11. On or about October 3, 2005, the Clerk of the Bankruptcy Court for the Northern District of Texas, mailed out the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors

Plaintiff's Original Petition - Page 2

and Deadlines" to all creditors, including the Defendant, and other parties based on the mailing matrix previously filed the Bankruptcy Court.   This mailing constituted formal notice to the Defendant of the above Chapter 7 Bankruptcy.  This notice warned all creditors, including the Defendant, in conspicuous language, against violating the automatic stay pursuant to 11 U.S.C. §362.  The United States Postal Service did not return the notice sent to the Defendant.  The notice was not returned.  If the United States Postal Service has not returned the notice, there is a presumption that the Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court.

12. On April 16, 2007, the Bankruptcy Court issued an order granting Ms. Parsons a discharge (the said order followed Official Form B18, including the explanatory language contained therein).  The order discharged Ms. Parsons from any liability for the Defendant's pre-petition claim.  Included with this order was an explanation of the general injunction prohibiting the Defendant and others holding pre-petition claims from attempting to collect the claims from Ms. Parsons.

13. On April 18, 2007, the order discharging Ms. Parsons was mailed out to all creditors and other parties listed on the mailing matrix previously filed the Bankruptcy Court.   This mailing constituted formal notice of Ms. Parsons's discharge and the replacement of the automatic stay with the discharge injunction of 11 U.S.C. §524(a).  The order and notice warned all creditors including the Defendant, in conspicuous language, that collection of discharged debts was prohibited.  The notice was not returned.  If the United States Postal Service has not returned the notice, there is a presumption that the Defendant received the notice mailed to it by the Clerk of the Bankruptcy Court. The Discharge order  is attached herein as "Exhibit A" and is incorporated herein by reference.

14. At no time has the Defendant objected to or disputed the details of the claim in the October 3, 2005, schedules. At no time during the Chapter 7 case did Ms. Parsons reaffirm the Defendant's debt. At no time during the Chapter 7 case was the Defendant's pre-petition claim declared to be non-dischargeable.

15. Following the April 16, 2007 discharge, the Defendant engaged in debt collection activity against Ms. Parsons by:

a. On one or more occasions after the discharge, in connection with an effort to collect the discharge debt, Capital One requested and obtained Plaintiff's consumer report from one or more consumer reporting agencies. At the time Defendant requested, obtained and used Plaintiff's consumer report as above described, no permissible purpose as required by Section 1681b of the FCRA existed. As a result of the aforementioned actions of the Defendant, Plaintiff has been damaged, said damages including, but being not limited to a significant reduction in Plaintiff's credit score; and

b. reporting to the credit bureaus that she was still personally liable for the balance due on the account in question despite the fact that the account was discharged, which extinguished Defendant's right to collect the account and Plaintiff's legal obligation to pay the account.   The bankruptcy discharge changed the legal status of the account by making it a non-recourse liability.   Once the Defendant received notice of the bankruptcy discharge and the resulting change in the legal status of the debt, the Defendant had a duty to report it.

16. Despite the change in the legal status of the account, Capital One has continued to report, by written communication, to Experian and Trans Union, the national credit reporting agencies ("CRAs"), that Plaintiff remains personally liable for current balance of approximately $5,498. Additionally, Defendant's statements, assert that it retains the legal right to collect the debt. The Experian report is attached herein as "Exhibit B" and is incorporated herein by

Plaintiff's Original Petition - Page 4

reference. The Trans Union report is attached herein as "Exhibit C" and is incorporated herein by reference.

17. These written statements sent by Defendant to one or more of the CRAs are incorrect, false, and defamatory because the alleged debt was discharged in bankruptcy which extinguished Plaintiff's legal obligation to repay the debt and Defendant's right to collect the debt.

18. Defendant is fully aware of how to report, to the CRAs, that a debt has been discharged in bankruptcy. By reporting that Plaintiff continues to owe a balance to defendant, they are unambiguously stating that Plaintiff has a legal obligation to repay the debt. A third party which obtains Plaintiff's credit report will either assume that this pre-petition debt was reaffirmed in the bankruptcy and plaintiff failed to pay the debt after reaffirming it or that Defendant asserted a dischargeability complaint against Plaintiff and prevailed.

19. This reporting by Capital One has occurred as recently as August 2008. The bankruptcy discharge changed the legal status of this account and Defendant's current reporting of the account is a misrepresentation of the current legal status of this account.

20. Capital One has intentionally not reported to the CRAs that the account was included in bankruptcy and that it should have a zero balance. When it received notice of Plaintiff's discharge, the Defendant had an absolute duty under 15 U.S.C. §1681s-2(a), to report the account as "discharged in bankruptcy," report a zero balance due and report the account as closed. Failing to update the account(s) as mandated by 15 U.S.C. §1681s-2(a) was an act to collect a debt in violation of Tex. Fin. Code §§ 391.002, Tex. Fin. Code § 392.301(a)(8), Tex. Fin. Code § 392.304(a)(8), and Tex. Fin. Code § 392.304(a)(19).

21. Capital One has intentionally and maliciously refused to report the true balance to the CRAs when Capital One knew that the debt was discharged in bankruptcy and that it could no longer attempt to collect the debt.

22. The effect of these errors on Plaintiff's credit reports has been to negatively impact his credit report, credit worthiness, and his credit score.

23. The conduct of the Defendant has proximately caused Plaintiff past and future monetary loss, past and future damage to his credit and credit worthiness, past and future mental distress and emotional anguish and other damages that will be presented to the jury.

24. Defendant knew and continues to know that a discharge order means the debt is no longer collectible, but the Defendant has made a corporate decision to willfully and maliciously act contrary to their knowledge in their calculated decision to violate the requirements to properly report and update the Plaintiff's accounts.

25. The Defendant has a policy and procedure to refuse to properly update credit reports of consumers, like the Plaintiff, who has discharged the debt. The reason is to keep false information on the credit report. The false information consists of a balance shown as owed (when Defendant has known since discharge that no balance is owed) and intentionally refusing to show a current status of "included in bankruptcy" or "discharged in bankruptcy".

26. Defendant updates hundreds or thousands of accounts each month but has willfully and maliciously refused to update Plaintiff's and others who have received a discharge order on debts allegedly owed to Defendant.

27. The Defendant has willfully and maliciously failed to report the account as having a "0" balance as required by 16 CFR § 607 (6), which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports

Plaintiff's Original Petition - Page 6

a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

28. The Defendant has promised through their subscriber agreements or contracts to update accounts that have been discharged in bankruptcy, but the Defendant has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the Fair Credit Reporting Act and state law which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports. Pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a), The Defendant, as a furnisher of information to consumer reporting agencies, had an affirmative duty to provide accurate information to said consumer reporting agencies. Said section provides that a furnisher shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate. "Reasonable cause to believe that the information is inaccurate" means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information.

29. Tex. Fin. Code § 391.002 prohibits the Defendant from knowingly furnishing false information about another person's creditworthiness, credit standing, or credit capacity to a credit reporting bureau.

30. Tex. Fin. Code § 392.301(a)(8) prohibits the Defendant from taking an action prohibited by law.

31. Tex. Fin. Code § 392.304(a)(8) prohibits the Defendant misrepresenting the character, extent, or amount of the Plaintiff's debt, or misrepresenting the status of the Plaintiff's debt in a judicial or governmental proceeding.

32.  Tex.  Fin.  Code  §  392.304(a)(19)  prohibits  the  Defendant's  use  of  false representations or deceptive means to collect a debt.

33. The Defendant has a policy to "park" their accounts on at least one of the consumer's credit report.  This is a term in the industry for keeping a  false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

34.  In the context of parking an account, the Defendant has a contractual duty coupled with an obligation and duty under federal and state law to accurately report the balance and the Defendant willfully and maliciously ignores its contractual duty and refuses to obey federal and state law.

35.  The Defendant knows that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind the Defendant's actions with the goal to force the Plaintiff to pay on an account she does not owe.

36.  The credit reports of Plaintiff have been accessed numerous times since the discharge and therefore the false information of the Defendant has been published to numerous third parties – which is what the Defendant intended to happen.

37.  When the consumer who has discharged the debt pays the "parked" account, the Defendant claim that such payment was purely "voluntarily" or was to pay off a "moral obligation."  The Defendant knows and intends that by willfully and maliciously parking the account on the credit report, illegal payment can be extorted from the group of consumers in the same position as Plaintiff.

38. Despite receiving dozens, if not hundreds, of disputes that their reporting on accounts included in bankruptcy was false, the Defendant intentionally and knowingly has not corrected its policy of keeping false and damaging information on at least one of the Plaintiff's credit reports and consumers who are in a similar position to Plaintiff.

39. It is a practice of Defendant to maliciously, willfully, recklessly, wantonly, and/or negligently violate, ignore, and refuse to follow the requirements of the federal and state law. Because the Chapter 7 discharge is clearly noted in the "Public Records" section of Plaintiff's credit reports, and this is clearly a pre-petition debt, anyone reviewing Plaintiff's credit report would have just reason to conclude that the Debtor had done something wrong or fraudulent regarding this account that has been reported by the Defendant, as it remains on the credit report after the debtor's discharge.

40. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

41. All actions taken by Defendant were done with malice, were done wantonly, recklessly, intentionally or willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the law.

42. Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and such Defendant is subject to punitive damages, statutory damages, and all other appropriate measures to punish and deter similar future conduct by Defendant and similar companies.

43. In the alternative, Creditors such as Defendant frequently sell their charged-off accounts to debt buyers through forward flow agreements or Credit Card Purchase Agreements.

44. In these contracts, the sellers frequently have a provision which allows them to retain a fee or a percentage of any debt that it collects on behalf of buyers of the accounts.

45. It is a common practice for original creditors to fail to update their credit reporting on accounts that they have sold to third parties, on one or more credit bureaus of a given account holder, in hopes that they can collect the account on behalf of the debt buyer and earn a fee or percentage of the account balance for doing so.    Additionally, Defendant knows that a large percentage of these portfolios of debt will lose all their value for resale purposes if the accounts that are discharged in bankruptcy actually report the bankruptcy discharge and a zero balance.

46. After a reasonable opportunity for further investigation and discovery, Plaintiff believes that the contract, under which the account in question was sold to a debt buyer has a provision which provides a financial incentive for Defendant to continue to attempt to collect Plaintiff's account.

47. After a reasonable opportunity for further investigation and discovery, Plaintiff believes that the evidence will demonstrate that Defendant  had a financial motive to fail to report the sale of this account.

48. After a reasonable opportunity for further investigation and discovery, Plaintiff believes that the evidence will demonstrate that Defendant, knew at the time it last reported on Plaintiff's account, that the account was pledged to be sold to a debt buyer pursuant to the terms of an ongoing contract or agreement.

49. After a reasonable opportunity for further investigation and discovery, Plaintiff believes that the evidence will demonstrate, that Defendant knowingly and deliberately failed to report the sale of this account to one or more of the national credit reporting agencies.

## VI. DAMAGES

50. Plaintiff has or will face credit denials and higher costs in many types of consumer transactions because the Defendant's false reporting and illegal reviews of her credit reports. Furthermore, the false reporting caused plaintiff to suffer embarrassment, mental anguish, inconvenience, and other pecuniary and non-pecuniary damages.

51. After a reasonable opportunity for further investigation and discovery, Plaintiff asserts that Defendant is fully aware that reporting an account as a "charge off" or a "balance due" or other similar derogatory notation or comment brings to bear the full coercive power to force a debtor to pay discharged debt or suffer very real consequences financially, to reputation and to their credit rating.

52. After a reasonable opportunity for further investigation and discovery, says that she will have evidentiary support to show that the FICO© scoring models continue to penalize the "debtors" such as Plaintiff for illegal and defamatory reporting and credit pulls such as the Defendant's actions that are the subject of this complaint.

53. Had the Defendant properly reported the debt as discharged, with a zero balance, due, and listed the account as closed, Plaintiff would only have suffered the inherent negative effects of filing for bankruptcy. Because the Defendant elected to violate state and federal law Plaintiff has suffered additional damages and harm to her reputation from the Defendant's false allegations that she is still personally liable for the debt.

54. When a creditor reports that the debtor is still personally liable on a pre-petition debt, potential lenders, landlords, insurance companies, utilities, and potential employers who view the credit report could and often do believe that the debtor has engaged in some sort of bad conduct as an explanation of why the debt was not discharged in bankruptcy.

55. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages include reasonable attorney's fees incurred in prosecuting this claim.

56. Since Defendant continues to defame Plaintiff and the violations of the Tex. Fin. Code §§ 391.002, Tex. Fin. Code § 392.301(a)(8), Tex. Fin. Code § 392.304(a)(8), and Tex. Fin. Code § 392.304(a)(19) are ongoing in nature, Defendant is liable for any and all future harm suffered by Plaintiff as a result of Defendant's conduct.

## VII. WAIVER OF ANY RECOVERY IN EXCESS OF $75,000

57. Plaintiff hereby waives any recovery in excess of $75,000.00 inclusive of attorneys' fees.

Additionally, Plaintiff asserts that she is only asserting state law causes of action.

## VIII. GROUNDS FOR RELIEF - COUNT 1

### TEXAS FINANCE CODE

58. Ms. Parsons repeats, re-alleges, and incorporates by reference paragraphs 7 through 57.

59. The Defendant's violations of the Texas Finance Code, include, but are not limited to the following:

60. In violation of Tex. Fin. Code § 392.304(a)(8), the Defendant misrepresented the character of a consumer debt; and/or

61. In violation of Tex. Fin. Code § 392.304(a)(19), the Defendant used false representations or deceptive means to collect a debt.

62. Furthermore, it is a criminal offense (misdemeanor) to knowingly furnish false information about another person's creditworthiness, credit standing or credit capacity to a credit reporting bureau or to a third party. Tex. Fin. Code Ann.§ 391.002.

63. Under Tex. Fin. Code Ann. § 392.403, the said violations renders the Defendant liable to Plaintiff for actual damages, statutory damages, for injunctive relief, declaratory relief, costs, and, reasonable attorney's fees. Additionally, a violation of the above Texas Finance code provisions is a Deceptive Trade Practice as provided by Tex. Fin. Code Ann. § 392.404(a), which allows recovery for all actual damages including economic and non-economic damages.

64. The above Texas Finance Code provisions are not preempted by the Fair Credit Reporting Act, *Maloney v. LVNV LLC*, Slip Copy, 2006 WL 3006484, N.D. Tex., October 20, 2006 (NO.CIV.A.3:06-CV-0452).

## IX. GROUNDS FOR RELIEF - COUNT II

## DEFAMATION - COMMON LAW AND LIBEL PER SE

65. Ms. Parsons repeats, re-alleges, and incorporates by reference paragraphs 7 through 57. The Defendant is liable to Plaintiff for damages for defamation, pursuant to Tex. Civ. Prac. & Rem. Code §73.001.

66. By reporting the aforesaid false information to the credit reporting agencies, the Defendant intentionally or negligently published false and defamatory statements of fact concerning the Plaintiff.

67. The said falsely reported accounts on Plaintiff's credit reports were published as public statements of private facts by the Defendant, and referred to the Plaintiff.

68. The statements were libelous, injured the Plaintiff's personal and consumer reputation and they caused severe humiliation, emotional distress and mental anguish to Plaintiff.

69. Such statements exposed Plaintiff to contempt, ridicule and/or financial injury at the hands of those to whom the report was published. Most, if not all of those who saw the report were in a position to grant or deny credit, or to enter into some business transaction with Plaintiff

Plaintiff's Original Petition - Page 13

such as an insurance contract.   The people to whom the report was published were those to whom Plaintiff's credit reputation was most important, as opposed to the general public, who would have no interest in Plaintiff's credit reputation.   Although the audience for the libelous statements was limited, the audience was particularly interested in the information stated by the Defendant and were particularly situated to harm Plaintiff, as a result of the Defendant's actions, by denying Plaintiff credit of varying types.   Thus, Defendant is libel per se pursuant to Tex. Civ. Prac. & Rem. Code §73.001.

70. 15 U.S.C. §1681t(b)(1)(F) does not preclude or preempt Plaintiff's state law claim for defamation under Texas law.

71. As a result of the said statements, Plaintiff has suffered injury.   Plaintiff is entitled to recover actual damages, pre-judgment and post-judgment interest, court costs, special damages, and exemplary damages as Plaintiff's injury resulted from Defendant's malice pursuant to the Texas Civil Practice and Remedies Code section 41.003(a).

## X.  GROUNDS FOR RELIEF - COUNT III.

### DECLARATORY RELIEF

72. Ms. Parsons repeats, re-alleges, and incorporates by reference paragraphs 7 through 57.   Plaintiff seeks a declaration of the right and other legal relations of the parties pursuant to Tex. Civ. Prac. & Rem. Code §37.001, *et seq.*

73. This case involves an actual controversy existing between Ms. Parsons and the Defendant. Ms. Parsons seeks a declaration of the legality of the Defendant's conduct and of parties' right, status, duties, and obligations to each other by way of a declaratory judgment.

74. Tex. Civ. Prac. & Rem. Code §37.009 authorizes the recovery of reasonable and necessary attorneys fees in addition to the requested declaration.

## XI.  GROUNDS FOR RELIEF - COUNT IV.

## COMMON LAW TORT OF UNREASONABLE COLLECTION

75. Ms. Parsons repeats, re-alleges, and incorporates by reference paragraphs 7 through 57. The above described debt collection efforts of Defendant constitutes a pattern of harassment that is willful, wanton, malicious, and intended to inflict mental anguish.

## XII. GROUNDS FOR RELIEF  COUNT V

## VIOLATION OF THE FCRA

**76**  Plaintiff restates and reiterates herein all previous paragraphs.

**77.** The actions of Capital One as above described violated the FCRA in that it requested, obtained and used Plaintiff's consumer report without a permissible purpose.

**78.** Pursuant to 15 U.S.C. §1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (I) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681o, the costs of the action together with reasonable attorneys' fees.

**79.** Pursuant to 15 U.S.C. §1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (I) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorneys' fees.

80. Pursuant to 15 U.S.C. §1681q, it is unlawful for any person to knowingly and wilfully obtain information on a consumer from a consumer reporting agency under false pretenses.

81. The Defendant's failure to comply with the FCRA as above described was willful, as contemplated under 15 U.S.C. §1681n of the FCRA, entitling Plaintiff to the remedies set forth therein.   In addition, defendants actions constituted the knowing and willful acquisition of information on a consumer from a consumer reporting agency under false pretenses, entitling the Plaintiff to the remedies permitted under law for violation thereof.

82. In the alternative, the Defendant's failure to comply with the FCRA as above described was negligent, as contemplated under 15 U.S.C. §1681o of the FCRA, entitling Plaintiff to the remedies set forth therein.

## XIII. GROUNDS FOR RELIEF  COUNT VI

## INVASION OF PRIVACY

Plaintiff restates and reiterates herein all previous paragraphs.

Capital One's conduct, as described herein, constituted an invasion of Plaintiff's solitude and seclusion which was offensive to any person of ordinary sensibilities.  Said invasion was an unreasonable intrusion into the private life and matters of Plaintiff, and has damaged Plaintiff.

Capital One's conduct, as described herein, constitutes an unlawful and actionable invasion of Plaintiff's privacy, which conduct has damaged Plaintiff, entitling Plaintiff to an award of damages, compensatory and punitive, against Asset.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Ms. Parsons, prays that the Court will:

A.      Enter judgment in favor of Ms. Parsons and against Capital One for statutory damages, actual damages, costs, pre and post judgment interest, and reasonable attorneys' fees as provided by Tex. Fin. Code Ann. § 392.403; Additionally, a violation of the above Texas Finance code provisions is a Deceptive Trade Practice as provided by Tex. Fin. Code Ann. § 392.404(a), which allows recovery for all actual damages including economic and non-economic damages.

B.     Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.     Award punitive damage not less than three times the actual damages, including attorneys' fees, costs and expenses awarded in this case;

D.     Declare that the Defendant's actions violate the Texas Finance Code;

E.     Enjoin the Defendant's actions which violate the Texas Finance Code; Award to plaintiff, and for the benefit of the undersigned attorneys, all of the attorneys' fees, costs and expenses incurred in representing  in these matters;

F.     Enter judgment in favor of Ms. Parsons and against the Defendant for defamation, for actual damages, special damages and exemplary damages; and

G.     Award plaintiff her damages under the FCRA.

H.     Award plaintiff her damages for invasion of privacy.

H.     Award plaintiff pre-judgment interest as allowed by law.

I..     Grant such other and further relief, in equity or in law to which Ms. Parsons might show herself justly entitled.

Respectfully submitted,

William L. Manchee
SBOT 12891200
James J. Manchee
State Bar Number 00796988

Manchee & Manchee, LLP
12221 Merit Drive, Suite 950
Dallas, Texas 75251
(972) 960-2240 (telephone)
972-233-0713 (fax)

Form B18 (Official Form 18)(10/05)

# United States Bankruptcy Court

## Northern District of Texas
### Case No. <u>05−81953−bjh7</u>
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
    Josephine Cobo Parsons
    dba Joe Parsons Interiors, dba Parsons Four
    Seasons Homes Inc.
    6720 Mossvine Place
    Dallas, TX 75254

Social Security No.:
    xxx−xx−9103

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>4/16/07</u>

<u>Barbara J. Houser</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (10/05)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

District/off: 0539-3        User: rfranzen        Page 1 of 2                    Date Rcvd: Apr 16, 2007
Case: 05-81953              Form ID: b18          Total Served: 58

The following entities were served by first class mail on Apr 18, 2007.
```
db        +Josephine Cobo Parsons,    6720 Mossvine Place,    Dallas, TX 75254-7957
tr        +Scott M. Seidel,    Passman & Jones,    1201 Elm St.,  Suite 2500,    Dallas, TX 75270-2599
cr        +AMC Mortgage Services, Inc., dba Delaware AM,    SETTLEPOU,    3333 Lee Parkway,    Eighth Floor,
            Dallas, TX 75219-5108
cr        +Argent Mortgage Company LLC,    C/O Buchalter Nemer,    18400 Von Karman Ave.,    Suite 800,
            Irvine, CA 92612-0514
cr        +Richardson ISD,    c/o Perdue Brandon Fielder, et al.,    PO Box 13430,    Arlington, TX 76094-0430
9853779   +AMC Mtg Srvcs Inc servicer for Argent Mtg Co LLC,    P.O. Box 769,    Orange, CA 92856-6769,
            Attn: Laura Lara
9536060    Amc Mortgage Services,    505 City Pkwy South No. 10,    Orange, CA 92868
10524929  +American Recovery Svc. Inc.,    555 St. Charles Dr., No. 100,    Thousand Oaks, CA 91360-3983
9831763   +Arlington Cancer Center,    CO G. Blumenschein M.D.,    P.O. Box 974315,    Dallas, TX 75397-0001
10524930  +Atmos Energy,    P.O. Box 650653,    Dallas, TX 75265-0653
10524931  +Attorney General,    Collection Division-BK Section,    PO Box 12548,    Austin, TX 78711-2548
9536061    Attorney General of Texas,    Collections Division Bankruptcy Sec,    P.O. Box 12548,
            Austin, TX 78711-2548
9831764    Baylor University Medical Center,    P.O. Box 842022,    Dallas, TX 75284-2022
9536064   +CBUSA-Sears,    P.O. Box 6189,    Sioux Falls, SD 57117-6189
10524932  +Capital Management,    726 Exchange St. Suite 700,    Buffalo, NY 14210-1494
9536063   +Cavalry Portfolio Services,    4050 E Cotton Center Blv,    Phoenix, AZ 85040-8861
9536067   +Cingular Wireless,    P.O. Box 650553,    Dallas, TX 75265-0553
9831768   +Citi Cards,    P.O. Box 6418,    The Lakes, NV 88901-6418
9536068   +Collection,    700 Longwater Driv,    Norwell, MA 02061-1796
9536069   +Cross Country Bank,    PO Box 15371,    Wilmington, DE 19850-5371
9837446   +Dallas County,    CO Sherrel K. Knighton,    Linebarger Goggan Blair & Sampson, LLP,
            2323 Bryan Street Suite 1600,    Dallas, TX 75201-2644
9831769    David Childs,    Dallas County Tax Assessor-Collector,    P.O. Box 620088,    Dallas, TX 75262-0088
9536070   +ER Physicians Medical City,    111 E Center St.,    Lorena, TX 76655-9651
9831772   +Edward Clifford, M.D.,    5959 Harry Hines Ste 1104,    1104 Professional Bldg B,    Dallas, TX 75235
9831773   +Elizabeth Jekot, MD PA,    P.O. Box 832265,    Richardson, TX 75083-2265
9831774    Frost Arnett Company,    P O Box 198988,    Nashville, TN 37219-8988
9536071   +Frost National Bank,    P.O. Box 1600,    San Antonio, TX 78296-1600
10524936  +GC Services,    6330 Gulfton,    Houston, TX 77081-1198
10524935  +Gary Wadell,    PO Box 109,    McKinney, TX 75070-8132
10524937  +HSBC,    1441 Schilling Place,    Salinas, CA 93901-4543
10524938  +Hsbc Card Services,    P.O. Box 60102,    City of Industry, CA 91716-0102
9831775   +James H Merritt M.D.,    8230 Walnut Hill Ste 508,    Dallas, TX 75231-4400
9536073   +Linebarger Goggan Blair Sampson,    2323 Bryan Street, Ste. 1720,    Dallas, TX 75201-2603
9831776   +NCO Financial,    PO Box 4145?,    Philadelphia, PA 19101-1457
10524939  +NCO Financial,    507 Prudential Rd.,    Horsham, PA 19044-2368
9536075   +PBM Labs,    CO Recovery Systems of America,    P.O. Box 815335,    Dallas, TX 75381-5335
9536074   +Paramount Recovery Systems,    111 E Center St,    Lorena, TX 76655-9651
9831777   +Physicians Anethesia Practice,    4144 North Central Expressway,    Dallas, TX 75204-3140
9536076   +Propath Associates,    P.O. Box 678174,    Dallas, TX 75267-8174
9831964    RICHARDSON I.S.D.,    CO PERDUE, BRANDON, FIELDER, ET AL,    P.O. BOX 13430,
            ARLINGTON, TEXAS 76094-0430
9536077   +Recovery Services of America,    P.O. Box 815335,    Dallas, TX 75381-5335
10524940   Richardson Regional Medical Center,    401 W. Campwisdom Road,    Richardson, Texas 75080
10524933  ++TEXAS COMPTROLLER OF PUBLIC ACCOUNTS,    REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION,
            PO BOX 13528,    AUSTIN TX 78711-3528
            (address filed with court: Comptroller of Public Accounts,    Revenue Accounting Division,
            PO Box 13528,    Austin, TX 78711-3528)
9536078   ++TEXAS COMPTROLLER OF PUBLIC ACCOUNTS,    REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION,
            PO BOX 13528,    AUSTIN TX 78711-3528
            (address filed with court: State Comptroller,    Revenue Accounting Div Bankrup,    P.O.Box 13528,
            Austin, TX 78711-3528)
10524942  +TXU,    P.O. Box 650393,    Dallas, Texas 75265-0393,    Attn: Cof-Legal - 825
9536079    Texas Alcoholic Beverage Comm,    Licences and Permits Division,    P.O.Box 13127,
            Austin, TX 78711-3127
9536080   +Texas Employment Commission,    TEC Building Bankruptcy,    101 East 15th Street,
            Austin, TX 78778-0001
10524941  +Texas Fair Plan,    PO Box 901086,    Fort Worth, Texas 76101-2086
9536081   +United States Attorney,    1100 Commerce Street,    Room 16G28,    Dallas, TX 75242-0397
```

The following entities were served by electronic transmission on Apr 16, 2007.
```
tr         +EDI: QSMSEIDEL.COM Apr 16 2007 20:15:00    Scott M. Seidel,    Passman & Jones,
            1201 Elm St., Suite 2500,    Dallas, TX 75270-2599
10524928  +Fax: 703-433-7292 Apr 16 2007 23:41:58    America Online,    P.O. Box 17400,
            Jacksonville, Fl 32245-7400
9536064   +EDI: SEARS.COM Apr 16 2007 20:15:00    CBUSA-Sears,    P.O. Box 6189,    Sioux Falls, SD 57117-6189
9831765    EDI: CAPITALONE.COM Apr 16 2007 20:16:00    Capital One,    P.O. Box 85617,
            Richmond, VA 23276-0001
9536062   +EDI: CAPITALONE.COM Apr 16 2007 20:16:00    Capital One Bank,    P.O. Box 85520,
            Richmond, VA 23285-5520
9831766    EDI: CHASE.COM Apr 16 2007 20:15:00    Chase,    P.O. Box 15651,    Wilmington, DE 19886-5651
9536066    EDI: CHASE.COM Apr 16 2007 20:15:00    Chase,    800 Brooksedge Blvd,    Westerville, OH 43081-2822
9536067    EDI: CINGULAR.COM Apr 16 2007 20:15:00    Cingular Wireless,    P.O. Box 650553,
            Dallas, TX 75265-0553
9831770    EDI: DISCOVER.COM Apr 16 2007 20:15:00    Discover Card,    P O Box 30395,
            Salt Lake City, UT 84130-0395
10524937  +EDI: HFC.COM Apr 16 2007 20:15:00    HSBC,    1441 Schilling Place,    Salinas, CA 93901-4543
10524938  +EDI: HFC.COM Apr 16 2007 20:15:00    Hsbc Card Services,    P.O. Box 60102,
```

```
District/off: 0539-3        User: rfranzen          Page 2 of 2           Date Rcvd: Apr 16, 2007
Case: 05-81953             Form ID: b18             Total Served: 58

The following entities were served by electronic transmission (continued)
9536072    +EDI: IRS.COM Apr 16 2007 20:15:00     Internal Revenue Service,   Special Procedures RM 9A20,
            1100 Commerce St, 5024 DAL,  Dallas, TX 75242-1027
9986068     EDI: RESURGENT.COM Apr 16 2007 20:16:00     LVNV Funding LLC., its successors and assigns, as,
            Resurgent Capital Services,   P.O. Box 10587,   Greenville, SC 29603-0587
9536080    +E-mail/Text: redpacer@twc.state.tx.us                    Texas Employment Commission,
            TEC Building  Bankruptcy,   101 East 15th Street,   Austin, TX 78778-0001
9963384     EDI: ECAST.COM Apr 16 2007 20:16:00     eCAST Settlement Corporation, assignee of,
            Chase Manhattan Bank USA, NA,   P.O. Box 35480,   Newark, NJ 07193-5480
                                                                                        TOTAL: 15


           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr          Dallas County
9536065*   +CBUSA-Sears,   P.O. Box 6189,   Sioux Falls, SD 57117-6189
9831767*    Chase,   P.O. Box 15651,   Wilmington, DE 19886-5651
9831771*   ++DISCOVER FINANCIAL SERVICES LLC,   PO BOX 3025,   NEW ALBANY OH 43054-3025
            (address filed with court:  Discover Card,   P O Box 30395,   Salt Lake City, UT 84130-0395)
10524934*   David Childs,   Dallas County Tax Assessor-Collector,   P.O. Box 620088,   Dallas, TX 75262-0088
                                                                                        TOTALS: 1, * 4


Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Apr 18, 2007                              Signature:   _Joseph Speetjens_



A world of insight


X Close window

## Online Personal Credit Report from Experian for

Experian credit report prepared for
**JOSEPHINE PARSONS**
Your report number is
**1814517489**
Report date:
**08/08/2008**

Index:
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Contact us
- Know your rights


Print report

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Potentially Negative Items or items for further review                                      back to top

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11, and 12 bankruptcies, which may remain for up to 10 years, and unpaid tax liens which may remain up to 15 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Public Records

Credit grantors may carefully review the items listed below when they check your credit history. Please note that the account information connected with some public records, such as bankruptcy, also may appear with your credit items listed later in this report.

**US BKPT CT TX DALLAS**
**Address:**                          **Identification Number:**
1100 COMMERCE ST                      0581953BJH
DALLAS , TX  75242
*No phone number available*

**Address Identification Number:**
0147281410

**Status:**
Chapter 13 bankruptcy dismissed.

**Status Details:**
This item is scheduled to continue on record until Oct 2012.

**Date Filed:**
10/03/2005
**Date Resolved:**
09/20/2006
**Responsibility:**
Individual

**Claim Amount:**
NA
**Liability Amount:**
$0

# Credit Items

For your protection, the last few digits of your account numbers do not display.





**CAP ONE**

**Address:**                   **Account Number:**
PO BOX 30281                 529115146720....
SALT LAKE CITY, UT 84130
*No phone number available*
**Address Identification Number:**
0147281410

**Status:**   Account charged off/Past due 180 days. $1,938 written off. $5,498 past due as of Aug 2008.      **Status Details:**   This account is scheduled to continue on record until Jan 2011.

| | | |
|---|---|---|
| **Date Opened:** | **Type:** | **Credit Limit/Original Amount:** |
| 04/1998 | Revolving | NA |
| **Reported Since:** | **Terms:** | **High Balance:** |
| 04/1998 | NA | $5,498 |
| **Date of Status:** | **Monthly Payment:** | **Recent Balance:** |
| 10/2004 | $0 | $5,498 as of 08/2008 |
| **Last Reported:** | **Responsibility:** | **Recent Payment:** |
| 08/2008 | Individual | $0 |

**Creditor's statement:**   Account closed at credit grantor's request.

**Account History:**
Charge Off as of Aug 2008, Jul 2008, Jun 2008, May 2008, Apr 2008, Mar 2008, Feb 2008, Jan 2008, Nov 2007, Oct 2007, Sep 2007, Aug 2007, Jul 2007, May 2007, Apr 2007, Mar 2007, Feb

2007, Jan 2007, Dec 2006, Nov 2006, Oct 2006, Sep 2006, Aug
2006, Jul 2006, Jun 2006, May 2006, Apr 2006, Mar 2006, Feb
2006, Dec 2005, Nov 2005, Oct 2005, Sep 2005, Aug 2005, Jul
2005, Jun 2005, May 2005, Jan 2005, Oct 2004 to Dec 2004
180 days as of Sep 2004
150 days as of Aug 2004
120 days as of Jul 2004
90 days as of Jun 2004
60 days as of May 2004, Jan 2004, Dec 2001
30 days as of Apr 2004, Dec 2003, Aug 2003, May 2003, Nov
2001

Balance History:
07/2008   $5,439
06/2008   $5,378
05/2008   $5,320
04/2008   $5,259
03/2008   $5,202
02/2008   $5,141
01/2008   $5,081
11/2007   $4,961
10/2007   $4,903
09/2007   $4,842
08/2007   $4,781
07/2007   $4,723
05/2007   $4,603
04/2007   $4,543
03/2007   $4,488
02/2007   $4,427
01/2007   $4,366
12/2006   $4,308
11/2006   $4,247
10/2006   $4,188
09/2006   $4,128
08/2006   $4,067

Between Jul 2008 and Jul 2008, your credit limit/high balance was
$5,439
Between Jun 2008 and Jun 2008, your credit limit/high balance
was $5,378
Between May 2008 and May 2008, your credit limit/high balance
was $5,320
Between Apr 2008 and Apr 2008, your credit limit/high balance
was $5,259
Between Mar 2008 and Mar 2008, your credit limit/high balance
was $5,202
Between Feb 2008 and Feb 2008, your credit limit/high balance
was $5,141
Between Jan 2008 and Jan 2008, your credit limit/high balance
was $5,081
Between Nov 2007 and Nov 2007, your credit limit/high balance
was $4,961
Between Oct 2007 and Oct 2007, your credit limit/high balance
was $4,903
Between Sep 2007 and Sep 2007, your credit limit/high balance
was $4,842
Between Aug 2007 and Aug 2007, your credit limit/high balance
was $4,781
Between Jul 2007 and Jul 2007, your credit limit/high balance was
$4,723
Between May 2007 and May 2007, your credit limit/high balance
was $4,603
Between Apr 2007 and Apr 2007, your credit limit/high balance
was $4,543
Between Mar 2007 and Mar 2007, your credit limit/high balance
was $4,488
Between Feb 2007 and Feb 2007, your credit limit/high balance
was $4,427
Between Jan 2007 and Jan 2007, your credit limit/high balance
was $4,366
Between Dec 2006 and Dec 2006, your credit limit/high balance

was $4,308
Between Nov 2006 and Nov 2006, your credit limit/high balance
was $4,247
Between Oct 2006 and Oct 2006, your credit limit/high balance
was $4,188
Between Sep 2006 and Sep 2006, your credit limit/high balance
was $4,128
Between Aug 2006 and Aug 2006, your credit limit/high balance
was $4,067





## Record of Requests for Your Credit History                    back to top

## Inquiries Shared With Others

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years so that you will have a record of the companies that accessed your credit information.

The section below lists all of the companies that have reviewed your credit history as a result of action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that view your credit history.



## CAP ONE

**Address:**
PO BOX 30281
SALT LAKE CITY UT 84130
*No phone number available*
**Address Identification Number:**
0147398655
**Comments:**
Permissible purpose. This inquiry is scheduled to continue on record until Mar 2010.

**Date of Request:**
02/06/2008





## CAP ONE

**Address:**
PO BOX 30281
SALT LAKE CITY UT 84130
*No phone number available*
**Address Identification Number:**
0147398655
**Comments:**
Permissible purpose. This inquiry is scheduled to continue on record until Sep 2009.

**Date of Request:**
08/24/2007



## CAP ONE

**Address:**
PO BOX 30281
SALT LAKE CITY UT 84130
*No phone number available*
**Address Identification Number:**
0147398655
**Comments:**
Permissible purpose. This inquiry is scheduled to continue on record until Jul 2009.

**Date of Request:**
06/15/2007

 



## Inquiries Shared Only With You

You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and we do not include any of these requests on credit reports to others.

We offer credit information about you to those with a permissible purpose, for example to:

- other creditors who want to offer you preapproved credit;
- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;
- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (date listed may reflect only the most recent request).

These inquiries do not affect your credit score.



**CAP ONE**

**Address:**
PO BOX 30281
SALT LAKE CITY UT 84130
*No phone number available*

**Date of Request:**
05/28/2008, 05/16/2008, 05/09/2008,
02/08/2008, 01/19/2008, 01/06/2008,
12/19/2007, 12/12/2007, 11/11/2007,
11/09/2007, 11/02/2007, 10/25/2007,
10/08/2007, 09/23/2007, 09/16/2007,
05/21/2007, 05/08/2007, 04/26/2007,
04/19/2007, 04/13/2007



















https://annualcreditrepo...nsunion.com/products/single/viewPrintable...

## Personal Information

File Number: 193708586
Date Issued:  08/08/2008

**Name:**    JO C. PARSONS



### CURRENT ADDRESS

**Address:**    5200 MEADOWCREEK DR., #1004
DALLAS, TX 75248



### PREVIOUS ADDRESSES



### EMPLOYMENT DATA REPORTED





Special Notes: If any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Public Records

The following items obtained from public records appear on your report. You may be required to explain public record items to potential creditors. Any bankruptcy information will remain on your report for 10 years from the date of the filing. Unpaid tax liens may generally be reported for an indefinite period of time depending on your state of residence. Paid tax liens may be reported for 7 years from date of payment. All other public record information, including discharged chapter 13 bankruptcy, remains for up to 7 years.

**TEXAS FEDERAL COURT - DA**    Docket# 581953

| | | | | |
|---|---|---|---|---|
| 1100 COMMERCE ST ROOM 1254 DALLAS , TX 75242 (214) 753-2000 | **Type:** | Chapter 7 Bankruptcy Discharged | **Date Filed:** | 10/2005 |
| | | | **Responsibility:** | Individual |
| | **Court Type:** | Federal District | **Plaintiff Attorney:** | BONNIE LINDSEY JOH |
| | **Date Paid:** | 09/2006 | **Liabilities:** | $0 |
| | **Assets:** | $0 | | |

**Estimated date that this item will be removed:**    09/2015

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | | | | |
|---|---|---|---|---|---|---|
| **Not Applicable** | **Unknown** | **Current** | **30 days late** | **60 days late** | **90 days late** | **120 days late** |

## Adverse Accounts

The following accounts contain information that some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in >brackets< or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).





Exhibit "C"



## CAPITAL ONE BANK USA NA #5291151467207351

| | | | |
|---|---|---|---|
| POB 30281 | **Balance:** | $5,498 | **Pay Status:** |
| SALT LAKE CITY , UT 84130-0281 | **Date Updated:** | 08/2008 | **Account Type:** |
| (800) 955-7070 | **High Balance:** | $2,758 | **Responsibility:** |
| | **Credit Limit:** | $2,000 | **Date Opened:** |
| | **Past Due:** | >$5,498< | **Date Closed:** |

**Pay Status:** >Charged Off as Bad Debt<
**Account Type:** Revolving Account
**Responsibility:** Individual Account
**Date Opened:** 04/1998
**Date Closed:** 10/2004

**Loan Type:** Credit Card
**Remark:** Account closed by credit grantor
**Estimated date that this item will be removed:** 01/2011

## Regular Inquiries

The following companies have received your credit report. Their inquiries remain on your credit report for two years.



**CAPITAL ONE BANK USA NA**
PO BOX 30281
SALT LAKE CITY , UT 84130
(800) 955-7070

**Requested On:**        02/06/2008
**Inquiry Type:**        Individual

**CAPITAL ONE BANK USA NA**

https://annualcreditrepo nsunion.com/products/single/viewPrintable..

PO BOX 30281
SALT LAKE CITY , UT 84130
(800) 955-7070

**Requested On:** 08/24/2007
**Inquiry Type:** Individual




## CAPITAL ONE BANK USA NA

PO BOX 30281
SALT LAKE CITY , UT 84130
(800) 955-7070

**Requested On:** 06/15/2007
**Inquiry Type:** Individual



## Promotional Inquiries

The companies listed below received your name, address and other limited information about you so they could make a firm offer of credit or insurance. They did not receive your full credit report. These inquiries are not seen by anyone but you and do not affect your credit score.



